IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

NATALIE A. COLLINS                                                                                      PLAINTIFF

v.                                        CASE NO.         12-3100

CAROLYN W. COLVIN[1], Commissioner
of Social Security Administration                                                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.  Procedural Background:**

The plaintiff filed her applications for DIB and SSI on June 4, 2009, alleging an onset date of February 5, 2009, due to plaintiff's stroke, numbness, weakness, memory, one kidney, high blood pressure and back problems (T. 159).  Plaintiff's applications were denied initially and on reconsideration.  Plaintiff then requested an administrative hearing, which was held on September 9, 2010.  Plaintiff was present and represented by counsel.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the administrative hearing, plaintiff was 33 years of age and possessed a 14 years of education.  The Plaintiff had past relevant work ("PRW") experience as a clerk/cashier  (T. 167).

On December 7, 2010, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's migraine headaches, degenerative disc disease of the lumbar spine, obesity, hiatal hernia, hypertension, and atrophic right kidney did not meet or equal any Appendix 1 listing.  T. 16.  The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to " perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).T. 16.  With the assistance of a vocational expert, the ALJ then determined Plaintiff could  perform her past relevant work.  T. 19.

## II.  Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id*.  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision."  *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the

decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

A. Plaintiff's Impairments in Combination:

The Plaintiff first contends that the ALJ failed to consider her impairments in combination. (ECF No. 8, p. 16).

The ALJ must consider a claimant's impairments in combination and not fragmentize them in evaluating their effects. *Delrosa v. Sullivan,* 922 F.2d 480, 484 (8th Cir. 1991) (citing

*Johnson v. Secretary of Health & Human Servs.,* 872 F.2d 810, 812 (8th Cir. 1989)). The ALJ recognized that disability is "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments . . . ." (Tr. 13). The ALJ noted at step two that he must consider whether Plaintiff "has a medically determinable impairment that is severe or a combination of impairments that is severe" (Tr. 14). The Eighth Circuit has held that such language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. *See Raney v. Barnhart*, 396 F.3d 1007, 1011 (8th Cir. 2005); *Hajek v. Shalala*, 30 F.3d 89, 92 (8th Cir. 1994).

      The Plaintiff asserts that the ALJ did not properly consider the Plaintiff obesity. The Plaintiff did not list obesity in her application for disability (T. 159), her attorney did not list obesity in her Pre Hearing Memo (T. 238), and no mention was made during the hearing. The fact that the plaintiff did not allege the impairment as a basis for her disability in her application for disability benefits is significant, even if the evidence of the impairment was later developed. See *Smith v. Shalala*, 987 F.2d 1371, 1375 (8th Cir.1993); *Dunahoo v. Apfel*, 241, F. 3d 1033, 1039 (8th Cir. 2001). Notwithstanding the above the ALJ considered the Plaintiff's obesity in his opinion.

      The court also notes that nothing in Plaintiff's medical records indicates that no physician ever placed physical limitations on the Plaintiff's ability to perform work-related functions because of her obesity. See *Forte v. Barnhart*, 377 F.3d 892, 896 (8th Cir. 2004).

      Plaintiff vaguely claims that the ALJ did not consider diagnosed aphasia (language disorder), chronic pain syndrome, paresthesia of the hands, hypoglycemia (low blood sugar), hypokalemia (low potassium), or Raynaud's syndrome, and yet, Plaintiff does not cite to any

evidence in the record in support of such alleged impairments. See Pl.'s Br. at p. 16. She had not alleged these to be disabling conditions with her applications for disability benefits (Tr. 159). Her attorney did not mention these conditions in her pre-hearing memorandum to the ALJ (Tr. 238).   The court finds this claim to be without merit.

B.  Residual Functional Capacity:

    1.  Credibility

The Plaintiff next contends the ALJ improperly disregarded the Plaintiff subjective complaints of pain. (ECF No. 8, p. 16). In determining a claimant's RFC, " 'the ALJ must first evaluate the claimant's credibility.' " *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir.2007) (*quoting Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2002))

In her initial application for disability the Plaintiff stated "I get very tired very easy, it is hard to use my hands and arms because of the numbness and weakness"  (T. 159) but on her Pain Questionnaire she stated that she had "sharp burning pain" in her lower back.  The Plaintiff testified that her pain in her back became worse after her stroke although she may attribute it to the spinal taps that were done at the hospital. (T. 38).

The ALJ stated having "carefully considered the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible."  T. 17

"If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, we will normally defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d at 714 (Iowa, 2003); *Human v. Barnhart*,  2006 WL 2422182, 3 (D.Kan.) (D.Kan.,2006).

The ALJ first noted the inconsistencies between the Plaintiff Pain Questionnaire (T. 182) and the Plaintiff's testimony at the hearing. (T. 39). It was also noted that in April 2009, when the Plaintiff reported to the North Arkansas Regional Medical Center ER for leg weakness, she reported that she had 0 pain level. (T. 263).  On March 31, 2010, when Plaintiff presented to UAMS Nephrology Clinic, she reported chronic low back pain; however, at the time of the visit, she denied all pain (Tr. 479, 482, 490) and again in May 2010 she reported no pain. (T. 462).

The ALJ spent a great deal of time discussing the lack of medical evidence to support the Plaintiff's claim.  In 2006, after being admitted to the ER at Chambers Memorial Hospital for chest pain (T. 295).  The Hospital conducted a CT scan of the Plaintiff head (T. 315), x-rays of the chest (T. 316), and OB Ultrasound (T. 289), and a CT of the Abdomen and Pelvis (T. 285). All of the above test were normal and she was discharged with "chest pain" and a "headache". (T. 302).

The Plaintiff was admitted to St. Mary's Regional Medical Center ER on February 6, 2009 complaining of Altered Mental State, Aphasia, Hypertension, Paresthesia, Headache and Nausea.   CT of the head and MRI of the brain were normal.  The Electrocardiogram showed normal sinus rhythm. (T. 250). It was recommended to the Plaintiff that she follow up with a neurologist.

The Plaintiff saw Dr. Oberlander,  a neurologist on April 2009 and his exam notes no memory impairments, cranial nerves all intact, her motor function, coordination, reflexes, sensory and gait were all normal. (T. 400).  He felt her complaints were "consistent with migraine type headaches or, perhaps with just a bit of overlay with tension type headaches (but with a clear lateralizaion towards the migraine side) (T. 401). The Plaintiff's EMG test on March


2009 was normal. (T. 402). When Plaintiff sought treatment with Dr. Stone on July 31, 2009, to obtain blood pressure prescriptions, Plaintiff had no pain complaints, her extremities were within normal limits, and the neurological exam was within normal limits (Tr. 416, 533).

The ALJ may discount subjective complaints if inconsistencies are apparent in the evidence as a whole. *See Hutton v. Apfel, 175 F. 3d 651 at 655 citing Spradling*, 126 F.3d at 1075.  Assessing and resolving credibility issues is a matter that is properly within the purview of the ALJ. *Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996) (court will not substitute its own credibility opinion for that of the ALJ).  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  The court should , " defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Perks v. Astrue*  687 F.3d 1086, 1091 (C.A.8 (Ark.),2012**)**.

The court finds the ALJ properly discounted the credibility of the Plaintiff.

2.  RFC Determination:

Dr. Wheatly Beard provided a Physical RFC Assessment on August 31, 2009 finding the Plaintiff could lift 50 pounds occasionally, 25 pounds frequently and that she could stand and/or walk and sit for 6 hours in an 8-hour workday. (T. 418). She also found no Postural (T.419) or Manipulative limitations. (T. 420). Dr. Wheatly's opinion was reviewed and affirmed by Dr. Bill Payne on December 7, 2009. (T. 458)

A Mental Diagnostic Evaluation was performed by W. Charles Nichols, Psy.D., on October 5, 2009.  Dr. Nichols did not diagnose the Plaintiff with any impairment and placed her

GAF at 60-65[2]. (T. 428). Dr. Nichols also noted that malingering was suspected and that although the Plaintiff "may have bona fide memory issues, the screening techniques from this assessment do not identify them.  This suggest that her memory difficulties may be fairly mild at this point". (T. 428). A Psyciatric Review Technique by Winston Brown on October 6, 2009 found NO impairments and NO Functional Limitations (T. 443).  Dr. Brown's opinion was reviewed and affirmed by Jerry Henderson, Ph.D. on December 3, 2009. (T. 454)

As we have observed, "The opinion of a consulting physician who examines a claimant once ... does not generally constitute substantial evidence." *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir.1998). Nonetheless, there are two exceptions to this general rule. *Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir.2000). Specifically, we will uphold the ALJ's decision to credit a one-time consultant and discount a treating physician's opinion "(1) where [the one-time] medical assessments are supported by better or more thorough medical evidence, or (2) where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." Id. (internal citations and quotations omitted). *Anderson v. Barnhart*  344 F.3d 809, 812 -813 (C.A.8 (Iowa),2003).

In this case no treating physician contradicts the consultive examinations performed by the Commissioner nor did any treating physician place any restrictions upon the Plaintiff. See *Anderson v. Shalala*  51 F.3d 777, 780 (C.A.8 (Iowa),1995); *Masterson v. Barnhart* 363 F.3d 731, 738 (C.A.8 (Mo.),2004).   The ALJ's opinion and the Defendant's brief set forth the

---

[2]A GAF score of 51 to 60 indicates "moderate symptoms ... OR moderate difficulty in social, occupational, or school functioning." DSM-IV-TR at 34. A GAF of 61-70 indicates "Some mild symptoms or some difficulty in social, occupational, or school functioning. DSM-IV-TR at 34.

numerous test performed on this Plaintiff that were all in the normal range. The only subjective test that is outside the normal range is an MRI of the Lumbar spin on April 16, 2009 which revealed a "tiny annular tear with mild disc bulge central and left side L5-S1". (T. 278). No treating physician has offered an opinion that this abnormality has any effect on the Plaintiff's ability to work. As to the Plaintiff's contention that she suffered a "stroke" this is not documented in the medical record nor does any treating physician's records support the Plaintiffs's claim.

The ALJ bears "the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence." *Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010) *Hibshman v. Astrue* 2012 WL 1158707, 3 (E.D.Ark.) (E.D.Ark.,2012). The court finds that the ALJ properly assessed the Plaintiff RFC.

C.  Vocational Testimony

At the request of the ALJ, the vocational expert classified Plaintiff's past work as a fast food worker, convenience store clerk, assistant manager of a convenience store, department store cashier, and cafeteria food service worker as generally performed to be light exertional work(Tr. 53-59). The vocational expert stated that his testimony was consistent with the information found in the Dictionary of Occupational Titles, and Plaintiff's attorney did not have any questions (Tr. 59-60).

The ALJ properly compared Plaintiff's residual functional capacity for a full range of light work with the demands of Plaintiff's past relevant work, and determined that Plaintiff could perform these jobs as generally performed (Tr. 19-20). If a claimant can still do her past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Plaintiff has not

met her burden of showing an inability to perform this past relevant work. See Jones v. Astrue, 619 F.3d 963, 971 (8th Cir. 2010).

## IV.  Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision, and thus the decision should be affirmed.  The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

Dated  this August 30, 2013.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE